UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO:  3:09-bk-10304-PMG
Chapter 11

In re
Shuler Construction, Inc.

_____Debtor   .   _____/

Shuler Construction, Inc.,
        Plaintiff,
vs.                                    Adversary #:  3:09-ap-00640-PMG

Wheel Group, Inc. d/b/a
Wheel Leasing, a Florida Corporation,
        Defendant.
_____/

<u>MOTION TO DISMISS COMPLAINT</u>

COMES NOW the Defendant, Wheel Group, Inc. d/b/a Wheel Leasing, by and through its undersigned attorneys and pursuant to applicable Federal Rules of Civil Procedure respectfully moves this Court to dismiss Plaintiff's Complaint, Counts therein or to otherwise strike pertinent provisions thereof and in support states:

1.  That the Plaintiff's Complaint sets forth three separate Counts against this Defendant.  Under applicable Federal Rules of Civil Procedure, and specifically <u>Fed.R.Civ.P. 12(b)(6)</u>, each Count must state a good and complete cause of action on its own or otherwise be subject to dismissal. That Counts I, II and III are respectively defective for the following reasons:

        A.  That Count I does not incorporate the introductory paragraphs 1 thorugh 5.

        B.  That Count II does not incorporate the introductory paragraphs 1 through 5.

        C.  That Count III does not incorporate the introductory paragraphs 1 through 5.

2

2.   That as a result of the failure to incorporate the introductory paragraphs in each of the Counts, said pleadings are deficient.   There is no jurisdictional statement nor are the parties property identified in any of these three Counts.

3.   That Count I fails to set forth or otherwise identify the nature of the cause of action against this Defendant.   The title merely states "Count I 2007 Agreement."

4.   That Count II fails to set forth or otherwise identify the nature of the cause of action against this Defendant.   The title merely states "Count II 2008 Agreement."

5.   That Count III purports to be an action for "Avoidance of Preference," however, said Count fails to set forth any ultimate facts to support said claim.   There are no factual allegations set forth to establish the existence of any agreement between the Plaintiff and the Defendant as it relates to a "Dump Truck."   The Plaintiff has not incorporated any preceding paragraphs to establish the existence of any contract relationship or any legal obligation to support a cause of action for avoidance of preference.

6.   That both Count I and Count II appear to be causes of action to seek a Court ruling declaring that the subject Agreements are not true leases but in essence a financing agreement.   The Plaintiff has failed to set forth under what Court authority or statute gives right to the Court's authority to make such a decision.   It appears that the Plaintiff is attempting to state a cause of action for declaratory relief under Florida law, however, the Plaintiff has not stated a proper cause of action for such relief.

3

7.   That both Count I and Count II which are identical causes of action based on separate agreements seek recovery of attorney's fees under Florida law.  The Plaintiff, however, has not set forth any basis in fact entitling same to recovery of attorney's fees.  There is no allegation that the Defendant has breached the subject agreement by which the Plaintiff has filed a legal action to enforce the subject breach.  The fact that the Plaintiff is seeking declaratory relief does not in and of itself establish a right to attorney's fees under the contract.  As such, neither Count I nor Count II state a sufficient cause of action for an award of attorney's fees if the Plaintiff prevails accordingly.

8.   That Count III seeks an award of attorney's fees under Florida law. There is no basis in fact asserted upon which the Plaintiff is entitled to an award of attorney's fees to obtain a Court ruling that alleged placing of the lien on the Dump Truck within 90 days prior to the bankruptcy filing creates a cause of action under the contract for attorney's fees.

WHEREFORE, the Defendant respectfully moves this Court to dismiss the Plaintiff's Complaint, the Counts therein or to strike pertinent provisions thereof.

DATED:  February 11, 2010.

SCHUYLER·STEWART·SMITH


/s/ Schuyler Smith
_____
Schuyler Smith, Esquire
Attorney for Defendant
118 W. Adams St., #800
Jacksonville, FL 32202
Phone:   (904) 353-5884
TollFree: (866) 353-5884
Fax:      (904) 353-5994
Florida Bar #349240

4

## CERTIFICATE OF SERVICE

I CERTIFY that a copy has been furnished either by electronic or standard first class mail on February 11, 2010, to:  Kevin B. Paysinger, Plaintiff's Attorney, Bankruptcy Law Firm of Lansing J. Roy, P.A., P.O. Box 10399, Jacksonville, FL 32247-0399.

SCHUYLER·STEWART·SMITH


/s/ Schuyler Smith
_____
Schuyler Smith, Esquire
Attorney for Defendant
118 W. Adams St., #800
Jacksonville, FL 32202
Phone:    (904) 353-5884
TollFree: (866) 353-5884
Fax:      (904) 353-5994
Florida Bar #349240