IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

SHULER CONSTRUCTION, INC.	Case No.: 3:09-bk-10304-PMG
	Chapter 11

    Debtor.
_____

SHULER CONSTRUCTION, INC.

    Plaintiff,	Adversary No.: 3:09-bk-00640-PMG
vs.

WHEEL GROUP, INC. d/b/a
WHEEL LEASING, a Florida Corporation,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, Shuler Construction, Inc., a Florida corporation, by and through its undersigned counsel, files this Amended Complaint pursuant to this Court's order dated April 20, 2010 to (1) obtain a declaratory judgment on the validity and extent of Defendant's, Wheel Group, Inc., interest in certain property of the estate; (2) obtain a declaratory judgment on the validity of the language in the agreements entered into between Plaintiff and Defendant requiring Plaintiff to assume the contracts within 10 days of the order for relief; and (3) avoid the lien placed on Plaintiff's property as a preference under 11 U.S.C § 547(b). In support thereof Plaintiff alleges:

### JURISDICTION AND VENUE

1.     Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. § 1334 in that this proceeding arises in and is related to the above-captioned Chapter 11 case under Title 11 and concerns property of the estate in that case.

1

2. This is a core proceeding under 28 U.S.C. § 157(b)(2) for which this Court has jurisdiction.

3. Venue lies in this District pursuant to 28 U.S.C. § 1409(a).

## PARTIES

4. Plaintiff, Shuler Construction, Inc., is a Debtor and Debtor-in-Possession under Chapter 11 of Title 11 in the above captioned case.

5. Defendant, Wheel Group, Inc. d/b/a Wheel Leasing, is incorporated in the state of Florida and is a creditor of Plaintiff in the above referenced Chapter 11 case.

## COUNT I
## DECLARATORY JUDGMENT ON VALIDITY OF LEASE - 2007 AGREEMENT

6. Plaintiff hereby incorporates by reference the allegations in paragraphs one (1) through five (5).

7. On or about April 24, 2007, Plaintiff purchased a John Deere Crawler Dozer from Industrial Tractor Company.

8. On April 24, 2007, Plaintiff and Defendant entered into a document entitled Non-Cancelable Equipment Lease Agreement (the "2007 Agreement") wherein Plaintiff agreed to pay $2,553.61 per month for 36 months. A copy of the 2007 Agreement is attached as Exhibit A.

9. This is a claim for a declaratory judgment under 11 U.S.C. § 105 that the 2007 Agreement is not a true lease but rather a disguised security agreement pursuant to Florida Statute § 671.201(35) and as defined in 11 U.S.C. § 101(50).

10. The 2007 Agreement provides that Defendant is leasing the following equipment to Plaintiff: John Deere Crawler Dozer, md# 450H s/n T0450HX930806 (the "Dozer").

11. On or about May 6, 2009 Plaintiff signed an Addendum "A" to Non-Cancelable Equipment Lease (the "2009 Addendum"). A copy of the 2009 Addendum is attached as Exhibit B.

12. The 2009 Addendum extended the term of the alleged lease and lowered the monthly payment to $1,875.14.

13. The 2009 Addendum incorporated the terms and conditions of the 2007 Agreement. Plaintiff will refer to the 2007 Agreement in this Complaint for the pertinent facts.

14. The 2007 Agreement states that "Lessor exclusively holds title to the equipment during the entire Lease Term, and you agree this is a 'true lease'." (Page 2, Paragraph 12).

15. However, the bill of sale for the Dozer is from Industrial Tractor Company to Plaintiff. Plaintiff never sold or transferred its ownership in the Dozer to Defendant prior to the alleged transfer at the time the 2007 Agreement was executed.

16. Defendant never possessed or owned the Dozer prior to the execution of the 2007 Agreement.

17. Defendant merely financed the acquisition of the Dozer purchased by Plaintiff from a third-party vendor.

18. Defendant filed a UCC-1 Financing Statement on May 3, 2007 showing its interest in the Dozer. The UCC-1 Statement also states that the equipment is owned by Defendant and Plaintiff is not entitled to sell or encumber the Dozer.

19. Defendant is not in the business of renting equipment it owns but rather financing transactions with third-party vendors. Defendant does not have an inventory of equipment it leases to businesses.

20. Plaintiff was responsible for delivery and installation of the Dozer and did not have any claim against Defendant for delay in delivery and installation. (Page 2, Paragraph 4).

21. Plaintiff is unconditionally liable for the monthly payments "despite equipment failure, damage, loss or any other problem". (Page 2, Paragraph 6(B)).

22. Defendant specifically excluded any warranties or representations about the Dozer. (Page 2, Paragraph 6(C)).

23. Plaintiff bears the risk of loss or injury caused by the Dozer or its failure to operate properly and Plaintiff is required to maintain insurance on the Dozer naming Defendant as loss payee. (Page 2, Paragraph 6(D) and Paragraph 9).

24. Defendant is not liable for the improper functionality of the Dozer. Plaintiff is required to make a claim against the third-party vendor for any such problem. (Page 2, Paragraph 6(G).

25. Plaintiff is responsible for all repairs and service on the Dozer. (Page 2, Paragraph 7).

26. Plaintiff is required to pay all licenses, fees and taxes associated with operating, leasing or owning the Dozer. (Page 2, Paragraph 10).

27. Plaintiff is required to indemnify Defendant against any claim made by any person in relation to the Dozer. (Page 2, Paragraph 11).

28. The 2007 Agreement is not a true lease because Defendant never owned or possessed the Dozer prior to execution of the agreement and the terms of the agreement are indicative of a financing arrangement.

29. The 2007 Agreement states that Plaintiff "will cause a motion to be filed under [11 U.S.C. § 365] within 10 days from the entry of the order for relief". Failure to file said motion will be deemed a rejection of the lease. (Page 2, Paragraph 13(C)).

30. The 2007 Agreement states that Defendant may cure any default over a period of up to three months. (Page 2, Paragraph 13(C)).

31. The provisions in Paragraph 13(C) should not be enforceable because they unconscionably limit the rights Plaintiff has under the bankruptcy law to make a decision to assume or reject the alleged lease by limiting the time in which Plaintiff has to make that important decision.

32. The 2007 Agreement requires Plaintiff to pay Defendant's reasonable attorneys fees incurred by Defendant by reason of Plaintiff's default. (Page 2 Paragraph 14).

**WHEREFORE**, Plaintiffs requests the Court to:

(a) Take jurisdiction over this proceeding;

(b) Issue a declaratory judgment, pursuant to its power under 11 U.S.C. § 105, declaring that the 2007 Agreement is not a true lease but rather a disguised security agreement pursuant to Florida Statute § 671.201(35);

(c) Order that the provision in the 2007 Agreement which limits Plaintiff's time to file a motion to assume the lease and the time to cure the default to be unenforceable even if the 2007 Agreement is found to be a true lease;

(d) Award Plaintiff reasonable attorney's fees and costs pursuant to Florida Statutes § 57.105(7);

(e) Grant such other relief this Court deems necessary and appropriate.

## COUNT II
## DECLARATORY JUDGMENT ON VALIDITY OF LEASE - 2008 AGREEMENT

33. Plaintiff hereby incorporates by reference the allegations in paragraphs one (1) through five (5).

5

34. In July 1996, Shuler purchased a 1993 Dump Truck, VIN #1FDZU90L3PVA36154 (the "Dump Truck").

35. Plaintiff is the current title holder and has always been the title holder since the date of purchase.

36. On February 21, 2008, Plaintiff and Defendant entered into a Non-Cancelable Equipment Lease Agreement wherein Shuler agreed to pay $1,155.00 for 36 months (the "2008 Agreement"). A copy of the 2008 Agreement is attached as Exhibit C.

37. This is a claim for a declaratory judgment under 11 U.S.C. § 105 that the 2008 Agreement is not a true lease but rather a disguised security agreement pursuant to Florida Statute § 671.201(35) and as defined in 11 U.S.C. § 101(50).

38. The 2008 Agreement states that "Lessor exclusively holds title to the equipment during the entire Lease Term, and you agree this is a 'true lease'." (Page 2, Paragraph 12).

39. However, the title to the Dump Truck was not transferred from Plaintiff to Defendant at the time the 2008 Agreement was executed nor has the title been transferred since that date.

40. Defendant has not filed a UCC-1 Financing Statement showing any interest in the Dump Truck.

41. Defendant did not place a lien on the Dump Truck at the time the 2008 Agreement was executed.

42. Defendant placed a lien on the Dump Truck on September 21, 2009, seven days prior to bringing an action of replevin against Plaintiff.

43. Defendant never possessed or owned the Dump Truck prior to the execution of the 2008 Agreement.

44. Defendant merely obtained a copy of the title of the Dump Truck at the time the 2008 Agreement was executed.

45. Defendant did not even finance a purchase from a third-party vendor because Plaintiff already owned the Dump Truck at the time the 2008 Agreement was executed.

46. The 2008 Agreement is more akin to a title loan than a true lease.

47. However, Defendant failed to even perfect a valid security interest because no lien was placed on the Dump Truck.

48. Defendant is not in the business of renting equipment it owns but rather financing transactions with third-party vendors. Defendant does not have an inventory of equipment it leases to businesses.

49. Plaintiff was responsible for delivery and installation of the Dump Truck and did not have any claim against Defendant for delay in delivery and installation. (Page 2, Paragraph 4).

50. Plaintiff is unconditionally liable for the monthly payments "despite equipment failure, damage, loss or any other problem". (Page 2, Paragraph 6(B)).

51. Defendant specifically excluded any warranties or representations about the Dump Truck. (Page 2, Paragraph 6(C)).

52. Plaintiff bears the risk of loss or injury caused by the Dump Truck or its failure to operate properly and Plaintiff is required to maintain insurance on the Dump Truck naming Defendant as loss payee. (Page 2, Paragraph 6(D) and Paragraph 9).

53. Defendant is not liable for the improper functionality of the Dump Truck. Plaintiff is required to make a claim against the third-party vendor for any such problem. (Page 2, Paragraph 6(G). However, there is no third-party vendor in this transaction.

54. Plaintiff is responsible for all repairs and service on the Dump Truck. (Page 2, Paragraph 7).

55. Plaintiff is required to pay all licenses, fees and taxes associated with operating, leasing or owning the Dump Truck. (Page 2, Paragraph 10).

56. Plaintiff is required to indemnify Defendant against any claim made by any person in relation to the Dump Truck. (Page 2, Paragraph 11).

57. The 2008 Agreement is not a true lease because Defendant never owned or possessed the Dump Truck prior to or after execution of the agreement and the terms of the agreement are indicative of a financing agreement.

58. The 2008 Agreement also states that Plaintiff "will cause a motion to be filed under [11 U.S.C. § 365] within 10 days from the entry of the order for relief". Failure to file said motion will be deemed a rejection of the lease. (Page 2, Paragraph 13(C)).

59. The 2008 Agreement further states that Defendant may cure any default over a period of up to three months. (Page 2, Paragraph 13(C)).

60. The provisions in Paragraph 13(C) should not be enforceable because they unconscionably limit the rights Plaintiff has under the bankruptcy law to make a decision to assume or reject the alleged lease by limiting the time in which Plaintiff has to make that important decision.

61. The 2008 Agreement requires Plaintiff to pay Defendant's reasonable attorneys fees incurred by Defendant by reason of Plaintiff's default. (Page 2 Paragraph 14).

**WHEREFORE**, Plaintiffs requests the Court to:

(a)   Take jurisdiction over this proceeding;

    (b)    Issue a declaratory judgment, pursuant to its power under 11 U.S.C. § 105, declaring that the 2008 Agreement is not a true lease but rather a disguised security agreement pursuant to Florida Statute § 671.201(35);

    (c)    Order that the provision in the 2008 Agreement which limits Plaintiff's time to file a motion to assume the lease and the time to cure the default to be unenforceable even if the 2008 Agreement is found to be a true lease;

    (d)    Award Plaintiff reasonable attorney's fees and costs pursuant to Florida Statutes § 57.105(7);

    (e)    Grant such other relief this Court deems necessary and appropriate.

## COUNT III
## AVOIDANCE OF PREFERENCE

62. Plaintiff hereby incorporates by reference the allegations contained in paragraphs one (1) through five (5) and thirty-three (33) through sixty-one (61).

63. This is a claim under 11 U.S.C. § 547(b) to avoid the lien placed on the Dump Truck by Defendant as preference.

64. Defendant placed a lien on the Dump Truck on September 21, 2009.

65. Plaintiff filed its Chapter 11 petition on December 7, 2009, or 77 days after Defendant placed a lien on the Dump Truck.

66. Because Defendant did not have a valid lease and Defendant did not place a lien on the Dump Truck at the time the 2008 Agreement was executed, Defendant's claim was an unsecured claim prior to the lien being placed on the Dump Truck.

67. Placing the lien on the Dump Truck improved Defendant's claim to a secured claim within the 90 days prior to the bankruptcy filing.

68. The lien did not secure any new value given to Plaintiff, but rather to secure Plaintiff's payment under the 2008 Agreement.

**WHEREFORE**, Plaintiffs requests the Court to:

(a) Take jurisdiction over this proceeding;

(b) Issue an order avoiding the lien placed on the Dump Truck as a preference under 11 U.S.C. § 547(b);

(c) Award Plaintiff attorneys fees and costs pursuant to Florida Statutes § 57.105(7);

(d) Grant such other relief this Court deems necessary and appropriate.

**BANKRUPTCY LAW FIRM OF LANSING J. ROY, P.A.**

/s/ Kevin B. Paysinger
**Lansing J. Roy, Esquire**
Florida Bar No. 120716
**Christopher R. DeMetros, Esquire**
Florida Bar No. 0863467
**Kevin B. Paysinger, Esquire**
Florida Bar No. 0056742
Attorney for Debtor
P.O. Box 10399
Jacksonville, FL 32247-0399
(904) 391-0030

NON-CANCELABLE EQUIPMENT LEASE AGREEMENT 

NOTICE: THIS IS A <u>NON-CANCELABLE</u>, BINDING CONTRACT CONSISTING OF ALL TERMS ON BOTH SIDES. IT IS IRREVOCABLE FOR THE FULL TERM THEREOF AND UNTIL THE AGGREGATE RENTAL PROVIDED FOR HAS BEEN PAID. IT CONTAINS IMPORTANT TERMS AND CONDITIONS THAT HAVE FINANCIAL AND LEGAL CONSEQUENCES. <u>PLEASE READ IT CAREFULLY.</u>

This <u>Non-Cancelable</u> Equipment Lease Agreement is entered into between WHEEL LEASING, 11900 Biscayne Boulevard, Suite 280, Miami, Florida 33181 (305) 892-6444 ("Lessor"), and Lessee, as below:

LESSEE: **Shuler Construction, Inc.**
BILLING ADDRESS: **7191 224th Street, Obrien, FL 32071**
TELEPHONE: **(386) 590-1037**                    FAX NUMBER: **(904) 217-0383**
EQUIPMENT LOCATION: _____ _____, FL _____ in Suwannee County, Florida.
The equipment is described on the equipment schedule on Page 3 of this lease.

---

Your lease is for 36 months.
**Your monthly payment is $2,386.55**, plus sales tax of **$167.06**. Lease Payment w/sales tax: **$2,553.61**.

<u>First Payment Due: June 1, 2007</u>. Your payments will be due on 1st day of each month.
Payments received after the 10th day of the month shall be assessed a late charge of $127.68.

---

A total ADVANCE PAYMENT of $8,612.06 representing one month's rent, maintenance deposit and a lease processing and preparation fee of $«Lease Preparation Fee:495.00» shall be due upon the signing of this lease.

YOU HAVE SELECTED THE EQUIPMENT AND THE SUPPLIER FROM WHOM IT WAS PURCHASED AND LEASE SAID EQUIPMENT "AS IS". LESSOR MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE TITLE, MERCHANTIBILITY, FITNESS FOR ANY PARTICULAR PURPOSE, CONDITION OR QUALITY OF THE EQUIPMENT.

THIS IS A NON-CANCELABLE LEASE AND IS SUBJECT TO THE <u>TERMS AND CONDITIONS</u> ON THE REVERSE SIDE WHICH ARE MADE A PART HEREOF AND WHICH YOU ACKNOWLEDGE YOU HAVE READ BY SIGNING BELOW.                    [OVER FOR BINDING TERMS AND CONDITIONS →]

The person signing below certifies that he/she is a corporate officer, partner or proprietor of the Lessee and is authorized to sign the lease and bind the Lessee and the Lessee agrees to all terms on the front and reverse sides. This lease contains the entire agreement between the Lessee and the Lessor, and no other oral or written agreement are in effect. This Lease may not be amended except by a written agreement by the Lessee and the Lessor and will be binding on both parties, their successors and assigns.

ACCEPTED BY LESSEE:
Shuler Construction, Inc.

✓ _Cassie Shuler_ Dated: 4-24-07
Cassie Shuler, President

State of FL
County of Suwannee

THE FOREGOING INSTRUMENT was acknowledged before me this 24 day of April, 2007, by Cassie Shuler who personally appeared before me and who is personally known to me or who produced _____ as identification

ROYSTON G. SMITH
Notary Public State of Florida
My Commission Expires Jun 5, 2009
Commission # DD 395475
Bonded By National Notary Assn.

ACCEPTED BY LESSOR:
Wheel Leasing

_William M. Heiden_
William M. Heiden, President

**WHEEL LEASING**

Exhibit "A"

## EQUIPMENT LEASE TERMS AND CONDITIONS

1. **LEASE.** You agree to lease from the Lessor and Lessor agrees to lease to you the equipment referred to herein ("Equipment") under the terms of this agreement ("Lease"). Lessor may insert any missing terms after you sign this lease, i.e. serial numbers.

2. **TERM.** You agree that this Lease will continue for the full term shown on the reverse side and any extension term ("Term").

3. **RENT.** You agree to pay Lessor rent for the full Term in the amount shown on the reverse side. This rent is to be paid monthly; however, Lessor may require rent payments to be made on a semi-monthly or weekly basis if any payment is delinquent. If all or any part of a payment is late, Lessor may charge you a late fee equal to 5%, or $25.00, whichever is greater. If payment due is in arrears in excess of thirty (30) days from the date due, interest of 1 1/2% per month will be assessed from the due date.

4. **DELIVERY.** You agree that Lessor is not responsible for delivery or installation of the Equipment. You will not have any claim against Lessor if the supplier or vendor delays in delivery or installation.

5. **SELECTION AND PURCHASE OF EQUIPMENT.** You understand and agree that: (A) LESSOR DID NOT SELECT, MANUFACTURE, SUPPLY OR INSPECT THE EQUIPMENT AND HAS NO EXPERTISE REGARDING THE EQUIPMENT. (B) YOU SELECTED THE VENDOR AND THE EQUIPMENT BASED ON YOUR OWN JUDGEMENT. (C) LESSOR IS BUYING THE EQUIPMENT AT YOUR REQUEST ONLY FOR THE PURPOSE OF LEASING IT TO YOU. (D) Before signing this Lease, you approved the supply contract (if any) between Lessor and the Vendor.

6. **IMPORTANT CONDITIONS.** You understand and agree that:
   (A) THE LEASE CANNOT BE CANCELLED BY YOU AT ANY TIME FOR ANY REASON.
   (B) YOUR DUTY TO MAKE THE PAYMENTS IS UNCONDITIONAL DESPITE EQUIPMENT FAILURE, DAMAGE, LOSS OR ANY OTHER PROBLEM.
   (C) LESSOR IS LEASING THE EQUIPMENT TO YOU "AS IS" AND LESSOR HAS MADE NO REPRESENTATIONS, GUARANTEE OR WARRANTY, EXPRESS OR IMPLIED (INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE) REGARDING THE EQUIPMENT. LESSOR DISCLAIMS ALL SUCH WARRANTIES OR GUARANTEES OF ANY KIND. Lessor agrees to transfer to you all warranties IF ANY made by the Vendor to Lessor.
   (D) LESSOR WILL NOT BE LIABLE FOR ANY LOSS OR INJURY TO YOU OR ANY OTHER PERSON OR PROPERTY (including lost profits and consequential, incidental or special damages) CAUSED BY THE EQUIPMENT OR ITS FAILURE TO OPERATE.
   (E) YOU WAIVE ANY RIGHTS WHICH WOULD ALLOW YOU TO: (1) cancel or repudiate the lease; (2) reject or revoke acceptance of the Equipment; (3) grant a security interest in the Equipment; (4) accept partial delivery of the Equipment; (5) "cover" by making any purchase or lease of substitute equipment; and (6) seek specific performance against Lessor.
   (F) YOU UNDERSTAND THAT LESSOR AND THE VENDOR ARE TWO SEPARATE AND INDEPENDENT COMPANIES, AND THAT NEITHER THE VENDOR NOR ANY PERSON IS LESSOR'S AGENT. YOU AGREE THAT NO REPRESENTATION, GUARANTEE OR WARRANTY BY THE VENDOR OR OTHER PERSON IS BINDING ON LESSOR, AND NO BREACH BY THE VENDOR OR OTHER PERSON WILL EXCUSE YOUR OBLIGATIONS TO LESSOR.
   (G) IF THE EQUIPMENT DOES NOT WORK AS REPRESENTED BY THE VENDOR, OR IF THE VENDOR OR ANY OTHER PERSON FAILS TO PROVIDE ANY SERVICE, OR IF THE EQUIPMENT IS UNSATISFACTORY FOR ANY OTHER REASON, YOU WILL MAKE ANY SUCH CLAIM SOLELY AGAINST THE VENDOR OR ANY OTHER PERSON AND WILL MAKE NO CLAIM AGAINST LESSOR.
   (H) THIS DOCUMENT GIVES LESSOR THE RIGHT TO FILE AGAINST ALL OR SUBSTANTIALLY ALL OF YOUR ASSETS TO SECURE PERFORMANCE UNDER THE LEASE.

7. **REPAIRS AND SERVICE.** You understand that Lessor is not responsible for repairs or service to the Equipment. You will keep the Equipment in good condition, will service the Equipment as and when needed, and will provide all parts, mechanisms and devices required to keep the Equipment in good mechanical and working order. All replacement parts and additions will become Lessor's property. In the event that the Lessor shall be required to repair, maintain, pay taxes, liens or encumbrances, the amount so paid by the Lessor shall be added to the rental due and shall be due and payable immediately thereafter.

8. **USE.** You certify that the Equipment will be used solely for business, commercial or agricultural purposes and not per personal, family or household purposes. You agree to comply with all the laws and regulations regarding the use and maintenance of this equipment. It is your responsibility that the equipment be equipped and safeguarded to meet all governmental requirements, including but not limited to OSHA requirements, before placing such machinery into operation. You will not make any alterations to the Equipment and will not allow it to be used by anyone but your employees or move it to any other location without Lessor's written permission.

9. **LOSS; DAMAGE; INSURANCE.** You agree to assume the risk of loss, theft, damage or destruction of the Equipment from any cause whatsoever until it is returned to the Lessor and no loss, theft, damage or destruction of the equipment shall relieve you of the obligation to pay rent or of any other obligation under this Lease. You will keep the equipment insured against all risks of loss in an amount not less than the replacement cost, and will list Lessor as the loss payee and additional insured. You will also carry public liability insurance listing Lessor as additional insured. You agree to provide Lessor with satisfactory written evidence of all such insurance. You agree that if you fail to acquire or maintain such insurance, Lessor may, at its sole option, acquire insurance for the equipment, and the premiums for said insurance shall be an additional obligation of Lessee to Lessor and added to the rent. You agree you have no right to any insurance benefits from Lessor, and that you are still liable for all losses.

10. **TAXES AND OTHER FEES.** You agree to pay all the licenses, fees, assessments and to pay to Lessor upon demand for all taxes (including sales, use, personal property and other taxes) and other fees which may be charged regarding the leasing, use or ownership of the Equipment regardless of whether or not you have otherwise paid such tax. You agree that Lessor may pay personal property and or any other taxes directly to the taxing authority and, upon Lessor's request, you will reimburse Lessor for such amounts paid by Lessor.

11. **INDEMNITY.** You agree to and will indemnify and save harmless Lessor, its successors and assigns, from all the costs relating to the claims of loss, damage, or injury sustained by you or by any of your agents or employees, or by any person whomsoever, whether such loss, damage or injury be caused by (a) the negligence of the Lessor or of its officers, agents or employees, (b) any defect in, or aspect of the leased equipment giving rise to strict liability whether in the form of tort or implied warranty of merchantability or fitness for use, (c) by any other form of liability including incidental or consequential damages, (d) or by any other cause. This promise will survive the Lease Term.

12. **TITLE.** You understand that Lessor exclusively holds title to the Equipment during the entire Lease Term, and you agree this a "true lease". You surrender any interest, equitable or otherwise you may have in the equipment to Lessor. You will not allow any liens or encumbrances to be placed on the Equipment. It is not the intention of the parties herein to create a security interest as defined in and for the purposes of the Uniform Commercial Code of the state of Florida in the property leased herein. However, on advice of counsel, to eliminate ambiguity, Lessor shall have its discretionary right to file under the Uniform Commercial code, and in so doing does not waive hereunder or at law or otherwise available. You hereby grant Lessor a limited power of attorney to sign any standard UCC documents on your behalf in regards to this Lease. The equipment is considered personal property, and you will not permit it to become a fixture to real estate. You will not allow any mechanics' or other liens or encumbrances to be placed on the Equipment. Plates or other markings may be affixed or placed on the equipment indicating that the Lessor or its assignees is the owner of the equipment. You will not remove, alter or deface Lessor's ownership plates, tags, or identification on the equipment.

13. **DEFAULT.** You agree that Lessor may declare you in default if you (a) fail to make any payment for a period of 20 days after due date; (b) do not comply with any other term of this Lease or any other agreement you have with the Lessor; (c) any action is brought against you causing the Equipment to be taken or encumbered; (d) you die, become insolvent, make or consent to an assignment for the benefit or creditors, file or have filed against you a bankruptcy, sell all or substantially all of your assets, make or consent to the appointment of a receiver or trustee, or go out of business; (e) allow required loss or liability insurance covering the equipment to lapse; (f) fail to comply with any term of the Authorization Agreement for Direct Payments attached as an exhibit hereto (if required); or (g) fail to acquire an executed Personal Guaranty from any person Lessor deems necessary and/or Landlord's Real Property Waiver within four (4) weeks of delivery (if required). If any of these defaults occurs, you agree that Lessor may take one or both of the following actions, in addition to other actions available under law:
   (A) Lessor may terminate the Lease and/or sue for; (1) past due rent and all future rent to become due during the unexpired term, (2) the residual value placed on the Equipment by Lessor at the commencement of the Lease, (3) all late fees and any other charges due and to become due, and (4) the costs listed in Section 15 below; AND
   (B) Enter the Equipment site repossess the Equipment or sue for a repossession court order. Following repossession: (1) All of your rights to the equipment will end; (2) Lessor may re-market the Equipment without advance notice to you; and (3) Lessor may also sue for the amounts listed in Section "A" above without first re-marketing the Equipment. You agree that Lessor is not required to repossess and re-market the equipment, and you waive any rights under law that provide otherwise. You agree that all sums due under the calculations above shall be immediately due and payable and be construed as liquidated damages rather than a penalty provision. You agree that all signatories signed on behalf of you shall be jointly and severally liable.
   (C) In any bankruptcy proceeding, you agree and will cause a motion to be filed under 11 U.S.C. sec. 365 within 10 days from the entry of the order for relief. If you choose to assume the lease, you may cure the arrearages owed in a period of no more that three months and must pay all current payments while such motion is pending before the court. The failure to file a motion within 10 days shall be deemed a rejection of the lease and any motion by Lessor for return of its collateral shall not be opposed by you.

14. **RECOVERY COSTS.** You agree to pay all of Lessor's recovery costs after a default, including: (1) attorney's fees equal to 25% of the amount of Lessor's claim or $1,500, whichever is greater; (2) reasonable attorney's fees for receiving a repossession order; (3) costs of suit; (4) $250.00 to cover Lessor's internal collection overhead; (5) $225.00 to cover Lessor's internal repossession and re-marketing overhead if an internal repossession is made or attempted; and (6) all other reasonable out-of-pocket costs. You agree now that the above amounts are good and reasonable predictions of what Lessor's actual costs and overhead will be and are not penalties.

15. **RETURN OF EQUIPMENT.** At the end of the Lease Term, or if you are in default and Lessor makes a written request, you will, at your expense, return the Equipment to Lessor at a reasonable place to be designated by Lessor. You agree to have the risk of loss during transit. You agree to pay Lessor for any damages done to the Equipment during the Term beyond "ordinary wear and tear". You understand that any person who refuses to return or prevents Lessor from repossessing the Equipment may be personally liable for conversion.

16. **ASSIGNMENT; SUBLEASE.** You agree that Lessor may assign (transfer) any or all of its interests under this lease and/or the Equipment to a new owner or a secured party at any time without prior notice to you, and such new owner or secured party may also assign its rights. If that happens, you agree that the new owner or secured party will have the same rights Lessor had under this Lease but will not have to perform any of Lessor's obligations (in which case Lessor will keep those obligations). You agree that the rights of the new owner or secured party will not be subject to any claims, defenses or set-offs that you may have against Lessor or any other person. You agree that any transfer by Lessor would not materially change your obligations under the lease or substantially increase your risks. Because this lease was granted to you on the strength of your credit, you agree you may not assign (transfer) any of your interests under the lease to any other person or sublease any of the equipment without first obtaining the written consent of Lessor.

17. **WAIVER OF GARNISHMENT EXEMPTION.** In accordance with F.S. §211.11(2)(b), I agree that if it is determined that I am "head of a family", any of my disposable income greater than $500.00 a week may be attached or garnished to satisfy Lessor's judgment against me.

18. **PLACE FOR SUIT.** You agree that: (1) THIS LEASE WILL BE GOVERNED BY THE LAWS OF FLORIDA; (2) YOU WAIVE TRIAL BY JURY AND CONSENT TO PERSONAL JURISDICTION IN THE COURTS IN FLORIDA; (3) ANY LEGAL PAPERS FOR ANY LAWSUIT WILL BE PROPERLY SERVED IF MAILED BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, WITH DELIVERY TO EITHER YOU OR YOUR REGISTERED AGENT; 4) ANY LAWSUIT, REGARDLESS OF WHO FILES, MUST BE BROUGHT ONLY IN THE COURTS OF DADE COUNTY, FLORIDA AND NOT ELSEWHERE, UNLESS LESSOR AGREES IN WRITING OR ELECTS OTHERWISE; AND, VENUE IS PROPER IN DADE COUNTY, FLORIDA.

19. **MISCELLANEOUS.** In the event any portion of this Lease is deemed to be illegal or invalid, it shall not in any way affect the validity of the other remaining portions of this Lease. Any notices required shall be provided in writing. Time is of the essence and no waiver by Lessor of any default shall constitute a waiver of any other default or a waiver of Lessor's rights.

## EQUIPMENT SCHEDULE

Lessor:     Wheel Leasing

Lessee:     Shuler Construction, Inc.

### EQUIPMENT

**Quantity**         **Make, Model, Other Descriptive Information, All Attachments**

1-     John Deere Crawler Dozer, md# 450H s/n: T0450HX930806

### EQUIPMENT AND ACCEPTANCE RECEIPT

I HEREBY CERTIFY THAT ALL EQUIPMENT REFERRED TO ABOVE HAS BEEN DELIVERED OR THAT SHULER CONSTRUCTION, INC. HAS MADE ARRANGEMENTS FOR IT TO BE DELIVERED TO THE PREMISES. WE ALSO CERTIFY THAT WE HAVE INSPECTED THE EQUIPMENT AND THAT IT IS IN GOOD OPERATING ORDER AND FIT FOR OUR INTENDED USE. WE UNCONDITIONALLY ACCEPT THE EQUIPMENT ON AN "AS-IS" BASIS AND NOT ON A "TRIAL" BUSINESS. WE UNDERSTAND THAT THE LESSOR MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE TITLE, MERCHANTABILITY, FITNESS FOR ANY PARTICULAR PURPOSE, CONDITION OR QUALITY OF THE EQUIPMENT. WE NOW REQUEST THAT THE LESSOR SIGN THE LEASE AND PAY THE EQUIPMENT VENDOR. WE UNDERSTAND THE IMPORTANCE OF THIS CERTIFICATION TO THE LESSOR PRIOR TO PAYING THE VENDOR AND WE UNDERSTAND THAT WE WILL BE PRECLUDED FROM DENYING THE TRUTH OF THIS CERTIFICATION IN THE FUTURE.

Shuler Construction, Inc.

✓ *Cassie Shuler*          Date: 4-24-07

Cassie Shuler, President

5934

Exhibit B

## ADDENDUM "A" TO NON-CANCELABLE EQUIPMENT LEASE
### LEASE No 5934

THIS ADDENDUM "A" TO NON-CANCELABLE EQUIPMENT LEASE ("Addendum "A") is entered into between Wheel Group, Inc. d/b/a Wheel Leasing, a Florida corporation and Shuler Construction, Inc.

### *WITNESSETH:*

WHEREAS, Wheel Group, Inc. d/b/a Wheel Leasing, as Lessor, and Shuler Construction, Inc. entered into a Non Cancelable Equipment Lease dated April 24th, 2007 (hereinafter referred to as "Lease #5934");

WHEREAS, Shuler Construction, Inc. is desirous of entering into this Addendum "A" to reduce the monthly payments due each month and to extend the term of the Lease Equipment.

WHEREAS, Wheel Group, Inc. d/b/a Wheel Leasing acknowledges the desires stated above and consents to them.

NOW THEREFORE, in consideration of the premises and of the mutual covenants contained herein, the parties hereto agree as follows:

1. At the time of signing of the lease, $1,967.14 is due. This amount includes payment #1 for the lease addendum as well as a $92.00 Lease Preparation Fee. Beginning July 1st, 2009, Shuler Construction, Inc. shall make 36 consecutive payments of $1,752.47 plus sales tax of $122.67 for a total monthly payment equal to $1,875.14. Each payment shall be due on the 1st day of each month. Any payment received ten (10) days after the date it is due shall accrue a late charge equal to $93.76.

2. Except as amended and modified herein, all other terms and conditions of Lease #5934 shall remain in full force and effect. For purposes of Wheel Leasing Corporation's internal accounting systems, the Lease numbers #5934 shall change to Lease# _6666_.

IN WITNESS WHEREOF, the parties hereto hereby execute this Addendum "A" to Non-Cancelable Equipment Lease.

_Cassie Shuler_
Cassie Shuler for Shuler Construction, Inc.

Dated: 5-6-09

State of Florida
County Suwannee

THE FOREGOING INSTRUMENT was acknowledge before me this _6_ day of _MAY_, 2009 by Cassie Shuler who personally appeared before me at the time of notarization, and who is personally known to me or who has produced _DL_ as identification.

My Commission Expires:

Notary Public - State of Florida
My Commission Expires Jun 5, 2009
Commission # DD 395475
Bonded By National Notary Assn.

WHEEL GROUP, INC. d/b/a WHEEL LEASING, a Florida corporation

_William M. Heiden_
William M. Heiden, President

Exhibit C

# NON-CANCELABLE EQUIPMENT LEASE AGREEMENT

NOTICE: THIS IS A <u>NON-CANCELABLE</u>, BINDING CONTRACT CONSISTING OF ALL TERMS ON BOTH SIDES. IT IS IRREVOCABLE FOR THE FULL TERM THEREOF AND UNTIL THE AGGREGATE RENTAL PROVIDED FOR HAS BEEN PAID. IT CONTAINS IMPORTANT TERMS AND CONDITIONS THAT HAVE FINANCIAL AND LEGAL CONSEQUENCES. <u>PLEASE READ IT CAREFULLY.</u>

This <u>Non-Cancelable</u> Equipment Lease Agreement is entered into between WHEEL LEASING, 11900 Biscayne Boulevard, Suite 280, Miami, Florida 33181 (305) 892-6444 ("Lessor"), and Lessee, as below:

LESSEE: Shuler Construction, Inc.
BILLING ADDRESS: 7191 224th Street, Obrien, FL 32071
TELEPHONE: (386) 590-1037                                                FAX NUMBER: (904) 217-0383
EQUIPMENT LOCATION: 7191 224th Street Obrien, FL 32071 in Suwannee County, Florida.
The equipment is described on the equipment schedule on Page 3 of this lease.

---

Your lease is for 36 months. *[handwritten: 36-M]*
**Your monthly payment is $1,155.00, plus sales tax of $0.00. Lease Payment w/sales tax: $1,155.00.**

<u>First Payment Due: March 15, 2008.</u> Your payments will be due on 15th day of each month.
Payments received after the 25th day of the month shall be assessed a late charge of $57.75.

---

A total ADVANCE PAYMENT of $4,760.00 representing one month's rent, maintenance deposit and a lease processing and preparation fee of $265.00 shall be due upon the signing of this lease.

YOU HAVE SELECTED THE EQUIPMENT AND THE SUPPLIER FROM WHOM IT WAS PURCHASED AND LEASE SAID EQUIPMENT "AS IS". LESSOR MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE TITLE, MERCHANTIBILITY, FITNESS FOR ANY PARTICULAR PURPOSE, CONDITION OR QUALITY OF THE EQUIPMENT.

THIS IS A NON-CANCELABLE LEASE AND IS SUBJECT TO THE <u>TERMS AND CONDITIONS</u> ON THE REVERSE SIDE WHICH ARE MADE A PART HEREOF AND WHICH YOU ACKNOWLEDGE YOU HAVE READ BY SIGNING BELOW.                                    [OVER FOR BINDING TERMS AND CONDITIONS →]

The person signing below certifies that he/she is a corporate officer, partner or proprietor of the Lessee and is authorized to sign the lease and bind the Lessee and the Lessee agrees to all terms on the front and reverse sides. This lease contains the entire agreement between the Lessee and the Lessor, and no other oral or written agreement are in effect. This Lease may not be amended except by a written agreement by the Lessee and the Lessor and will be binding on both parties, their successors and assigns.

ACCEPTED BY LESSEE:
Shuler Construction, Inc.

✓ *Cassie Shuler* Dated: 2-21-08
Cassie Shuler, President

State of FL
County of Suwannee

THE FOREGOING INSTRUMENT was acknowledged before me this 21 day of FEBRUARY 2008, by Cassie Shuler who personally appeared before me and who is personally known to me or who produced _____ DL _____ as identification

_____
Notary Public, State of FL

ROYSTON G. SMITH
Notary Public - State of Florida
My Commission Expires Jun 5, 2009
Commission # DD 395475
Bonded By National Notary Assn.

ACCEPTED BY LESSOR:
Wheel Leasing

*William M. Heiden*
William M. Heiden, President

# WHEEL LEASING

Exhibit "B"

5991

## EQUIPMENT LEASE TERMS AND CONDITIONS

1. **LEASE.** You agree to lease from the Lessor and Lessor agrees to l_____ you the equipment referred to herein ("Equipment") under the terms of this agreement ("Lease"). Lessor may insert any missing terms after you sign this lease, i.e. serial numbers.

2. **TERM.** You agree that this Lease will continue for the full term shown on the reverse side and any extension term ("Term").

3. **RENT.** You agree to pay Lessor rent for the full Term in the amount shown on the reverse side. This rent is to be paid monthly; however, Lessor may require rent payments to be made on a semi-monthly or weekly basis if any payment is delinquent. If all or any part of a payment is late, Lessor may charge you a late fee equal to 5%, or $25.00, whichever is greater. If payment due is in arrears in excess of thirty (30) days from the date due, interest of 1 1/2% per month will be assessed from the due date.

4. **DELIVERY.** You agree that Lessor is not responsible for delivery or installation of the Equipment. You will not have any claim against Lessor if the supplier or vendor delays in delivery or installation.

5. **SELECTION AND PURCHASE OF EQUIPMENT.** You understand and agree that: (A) LESSOR DID NOT SELECT, MANUFACTURE, SUPPLY OR INSPECT THE EQUIPMENT AND HAS NO EXPERTISE REGARDING THE EQUIPMENT. (B) YOU SELECTED THE VENDOR AND THE EQUIPMENT BASED ON YOUR OWN JUDGEMENT. (C) LESSOR IS BUYING THE EQUIPMENT AT YOUR REQUEST ONLY FOR THE PURPOSE OF LEASING IT TO YOU. (D) Before signing this Lease, you approved the supply contract (if any) between Lessor and the Vendor.

6. **IMPORTANT CONDITIONS.** You understand and agree that:
   (A) THE LEASE CANNOT BE CANCELLED BY YOU AT ANY TIME FOR ANY REASON.
   (B) YOUR DUTY TO MAKE THE PAYMENTS IS UNCONDITIONAL DESPITE EQUIPMENT FAILURE, DAMAGE, LOSS OR ANY OTHER PROBLEM.
   (C) LESSOR IS LEASING THE EQUIPMENT TO YOU "AS IS" AND LESSOR HAS MADE NO REPRESENTATIONS, GUARANTEE OR WARRANTY, EXPRESS OR IMPLIED (INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE) REGARDING THE EQUIPMENT. LESSOR DISCLAIMS ALL SUCH WARRANTIES OR GUARANTEES OF ANY KIND. Lessor agrees to transfer to you all warranties IF ANY made by the Vendor to Lessor.
   (D) LESSOR WILL NOT BE LIABLE FOR ANY LOSS OR INJURY TO YOU OR ANY OTHER PERSON OR PROPERTY (including lost profits and consequential, incidental or special damages) CAUSED BY THE EQUIPMENT OR ITS FAILURE TO OPERATE.
   (E) YOU WAIVE ANY RIGHTS WHICH WOULD ALLOW YOU TO: (1) cancel or repudiate the lease; (2) reject or revoke acceptance of the Equipment; (3) grant a security interest in the Equipment; (4) accept partial delivery of the Equipment; (5) "cover" by making any purchase or lease of substitute equipment; and (6) seek specific performance against Lessor.
   (F) YOU UNDERSTAND THAT LESSOR AND THE VENDOR ARE TWO SEPARATE AND INDEPENDENT COMPANIES, AND THAT NEITHER THE VENDOR NOR ANY PERSON IS LESSOR'S AGENT. YOU AGREE THAT NO REPRESENTATION, GUARANTEE OR WARRANTY BY THE VENDOR OR OTHER PERSON IS BINDING ON LESSOR, AND NO BREACH BY THE VENDOR OR OTHER PERSON WILL EXCUSE YOUR OBLIGATIONS TO LESSOR.
   (G) IF THE EQUIPMENT DOES NOT WORK AS REPRESENTED BY THE VENDOR, OR IF THE VENDOR OR ANY OTHER PERSON FAILS TO PROVIDE ANY SERVICE, OR IF THE EQUIPMENT IS UNSATISFACTORY FOR ANY OTHER REASON, YOU WILL MAKE ANY SUCH CLAIM SOLELY AGAINST THE VENDOR OR ANY OTHER PERSON AND WILL MAKE NO CLAIM AGAINST LESSOR.
   (H) THIS DOCUMENT GIVES LESSOR THE RIGHT TO FILE AGAINST ALL OR SUBSTANTIALLY ALL OF YOUR ASSETS TO SECURE PERFORMANCE UNDER THE LEASE.

7. **REPAIRS AND SERVICE.** You understand that Lessor is not responsible for repairs or service to the Equipment. You will keep the Equipment in good condition, will service the Equipment as and when needed, and will provide all parts, mechanisms and devices required to keep the Equipment in good mechanical and working order. All replacement parts and additions will become Lessor's property. In the event that the Lessor shall be required to repair, maintain, pay taxes, liens or encumbrances, the amount so paid by the Lessor shall be added to the rental due and shall be due and payable immediately thereafter.

8. **USE.** You certify that the Equipment will be used solely for business, commercial or agricultural purposes and not per personal, family or household purposes. You agree to comply with all the laws and regulations regarding the use and maintenance of this equipment. It is your responsibility that the equipment be equipped and safeguarded to meet all governmental requirements, including but not limited to OSHA requirements, before placing such machinery into operation. You will not make any alterations to the Equipment and will not allow it to be used by anyone but your employees or move it to any other location without Lessor's written permission.

9. **LOSS; DAMAGE; INSURANCE.** You agree to assume the risk of loss, theft, damage or destruction of the Equipment from any cause whatsoever until it is returned to the Lessor and no loss, theft, damage or destruction of the equipment shall relieve you of the obligation to pay rent or of any other obligation under this Lease. You will keep the equipment insured against all risks of loss in an amount not less than the replacement cost, and will list Lessor as the loss payee and additional insured. You will also carry public liability insurance listing Lessor as additional insured. You agree to provide Lessor with satisfactory written evidence of all such insurance. You agree that if you fail to acquire or maintain such insurance, Lessor may, at its sole option, acquire insurance for the equipment, and the premiums for said insurance shall be an additional obligation of Lessee to Lessor and added to the rent. You agree you have no right to any insurance benefits from Lessor, and that you are still liable for all losses.

10. **TAXES AND OTHER FEES.** You agree to pay all the licenses, fees, assessments and to pay to Lessor upon demand for all taxes (including sales, use, personal property and other taxes) and other fees which may be charged regarding the leasing, use or ownership of the Equipment regardless of whether or not you have otherwise paid such tax. You agree that Lessor may pay personal property and or any other taxes directly to the taxing authority and, upon Lessor's request, you will reimburse Lessor for such amounts paid by Lessor.

11. **INDEMNITY.** You agree to and will indemnify and save harmless Lessor, its successors and assigns, from all the costs relating to the claims of loss, damage, or injury sustained by you or by any of your agents or employees, or by _____ person whomsoever, whether such loss, damage or injury be caused by (a) the negligence of the Lessor_____ of its officers, agents or employees, (b) any defect in, or aspect of the leased equipment giving rise to strict liability whether in the form of tort or implied warranty of merchantability or fitness for use, (c) by any other form of liability including incidental or consequential damages, (d) or by any other cause. This promise will survive the Lease Term.

12. **TITLE.** You understand that Lessor exclusively holds title to the Equipment during the entire Lease Term, and you agree this a "true lease". You surrender any interest, equitable or otherwise you may have in the equipment to Lessor. You will not allow any liens or encumbrances to be placed on the Equipment. It is not the intention of the parties herein to create a security interest as defined in and for the purposes of the Uniform Commercial Code of the state of Florida in the property leased herein. However, on advice of counsel, to eliminate ambiguity, Lessor shall have his discretionary right to file under the Uniform Commercial code, and in so doing does not waive hereunder or at law or otherwise available. You hereby grant Lessor a limited power of attorney to sign any standard UCC documents on your behalf in regards to this Lease. The equipment is considered personal property, and you will not permit it to become a fixture to real estate. You will not allow any mechanics' or other liens or encumbrances to be placed on the Equipment. Plates or other markings may be affixed or placed on the equipment indicating that the Lessor or its assignees is the owner of the equipment. You will not remove, alter or deface Lessor's ownership plates, tags, or identification on the equipment.

13. **DEFAULT.** You agree that Lessor may declare you in default if you (a) fail to make any payment for a period of 20 days after due date; (b) do not comply with any other term of this Lease or any other agreement you have with the Lessor; (c) any action is brought against you causing the Equipment to be taken or encumbered; (d) you die, become insolvent, make or consent to an assignment for the benefit or creditors, file or have filed against you a bankruptcy, sell all or substantially all of your assets, make or consent to the appointment of a receiver or trustee, or go out of business; (e) allow required loss or liability insurance covering the equipment to lapse; (f) fail to comply with any term of the Authorization Agreement for Direct Payments attached as an exhibit hereto (if required); or (g) fail to acquire an executed Personal Guaranty from any person Lessor deems necessary and/or Landlord's Real Property Waiver within four (4) weeks of delivery (if required). If any of these defaults occurs, you agree that Lessor may take one or both of the following actions, in addition to other actions available under law:
   (A) Lessor may terminate the Lease and/or sue for; (1) past due rent and all future rent to become due during the unexpired term, (2) the residual value placed on the Equipment by Lessor at the commencement of the Lease, (3) all late fees and any other charges due and to become due, and (4) the costs listed in Section 15 below; AND
   (B) Enter the Equipment site repossess the Equipment or sue for a repossession court order. Following repossession: (1) All of your rights to the equipment will end; (2) Lessor may re-market the Equipment without advance notice to you; and (3) Lessor may also sue for the amounts listed in Section "A" above without first re-marketing the Equipment. You agree that Lessor is not required to repossess and re-market the equipment, and you waive any rights under law that provide otherwise. You agree that all sums due under the calculations above shall be immediately due and payable and be construed as liquidated damages rather than a penalty provision. You agree that all signatories signed on behalf of you shall be jointly and severally liable.
   (C) In any bankruptcy proceeding, you agree and will cause a motion to be filed under 11 U.S.C. sec. 365 within 10 days from the entry of the order for relief. If you choose to assume the lease, you may cure the arrearages owed in a period of no more that three months and must pay all current payments while such motion is pending before the court. The failure to file a motion within 10 days shall be deemed a rejection of the lease and any motion by Lessor for return of its collateral shall not be opposed by you.

14. **RECOVERY COSTS.** You agree to pay all of Lessor's recovery costs after a default, including: (1) attorney's fees equal to 25% of the amount of Lessor's claim or $1,500, whichever is greater; (2) reasonable attorney's fees for receiving a repossession order; (3) costs of suit; (4) $250.00 to cover Lessor's internal collection overhead; (5) $225.00 to cover Lessor's internal repossession and re-marketing overhead if an internal repossession is made or attempted; and (6) all other reasonable out-of-pocket costs. You agree now that the above amounts are good and reasonable predictions of what Lessor's actual costs and overhead will be and are not penalties.

15. **RETURN OF EQUIPMENT.** At the end of the Lease Term, or if you are in default and Lessor makes a written request, you will, at your expense, return the Equipment to Lessor at a reasonable place to be designated by Lessor. You agree to have the risk of loss during transit. You agree to pay Lessor for any damages done to the Equipment during the Term beyond "ordinary wear and tear". You understand that any person who refuses to return or prevents Lessor from repossessing the Equipment may be personally liable for conversion.

16. **ASSIGNMENT; SUBLEASE.** You agree that Lessor may assign (transfer) any or all of its interests under this lease and/or the Equipment to a new owner or a secured party at any time without prior notice to you, and such new owner or secured party may also assign its rights. If that happens, you agree that the new owner or secured party will have the same rights Lessor had under this Lease but will not have to perform any of Lessor's obligations (in which case Lessor will keep those obligations). You agree that the rights of the new owner or secured party will not be subject to any claims, defenses or set-offs that you may have against Lessor or any other person. You agree that any transfer by Lessor would not materially change your obligations under the lease or substantially increase your risks. Because this lease was granted to you on the strength of your credit, you agree you may not assign (transfer) any of your interests under the lease to any other person or sublease any of the equipment without first obtaining the written consent of Lessor.

17. **WAIVER OF GARNISHMENT EXEMPTION.** In accordance with F.S. §211.11(2)(b), I agree that if it is determined that I am "head of a family", any of my disposable income greater than $500.00 a week may be attached or garnished to satisfy Lessor's judgment against me.

18. **PLACE FOR SUIT.** You agree that: (1) THIS LEASE WILL BE GOVERNED BY THE LAWS OF FLORIDA; (2) YOU WAIVE TRIAL BY JURY AND CONSENT TO PERSONAL JURISDICTION IN THE COURTS IN FLORIDA; (3) ANY LEGAL PAPERS FOR ANY LAWSUIT WILL BE PROPERLY SERVED IF MAILED BY CERTIFIED MAIL RETURN RECEIPT REQUESTED, WITH DELIVERY TO EITHER YOU OR YOUR REGISTERED AGENT; 4) ANY LAWSUIT, REGARDLESS OF WHO FILES, MUST BE BROUGHT ONLY IN THE COURTS OF DADE COUNTY, FLORIDA AND NOT ELSEWHERE, UNLESS LESSOR AGREES IN WRITING OR ELECTS OTHERWISE; AND, VENUE IS PROPER IN DADE COUNTY, FLORIDA.

19. **MISCELLANEOUS.** In the event any portion of this Lease is deemed to be illegal or invalid, it shall not in any way affect the validity of the other remaining portions of this Lease. Any notices required shall be provided in writing. Time is of the essence and no waiver by Lessor of any default shall constitute a waiver of any other default or a waiver of Lessor's rights.

## EQUIPMENT SCHEDULE

Lessor: Wheel Leasing

Lessee: Shuler Construction, Inc.

### EQUIPMENT

**Quantity**     **Make, Model, Other Descriptive Information, All Attachments**

1-   1993 Dump Truck, W: 13,250, color: WHI, Title# 64915770, Md# LT9000
     Vin# 1FDZU90L3PVA36154

### EQUIPMENT AND ACCEPTANCE RECEIPT

I HEREBY CERTIFY THAT ALL EQUIPMENT REFERRED TO ABOVE HAS BEEN DELIVERED OR THAT SHULER CONSTRUCTION, INC. HAS MADE ARRANGEMENTS FOR IT TO BE DELIVERED TO THE PREMISES. WE ALSO CERTIFY THAT WE HAVE INSPECTED THE EQUIPMENT AND THAT IT IS IN GOOD OPERATING ORDER AND FIT FOR OUR INTENDED USE. WE UNCONDITIONALLY ACCEPT THE EQUIPMENT ON AN "AS-IS" BASIS AND NOT ON A "TRIAL" BUSINESS. WE UNDERSTAND THAT THE LESSOR MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO THE TITLE, MERCHANTIBILITY, FITNESS FOR ANY PARTICULAR PURPOSE, CONDITION OR QUALITY OF THE EQUIPMENT. WE NOW REQUEST THAT THE LESSOR SIGN THE LEASE AND PAY THE EQUIPMENT VENDOR. WE UNDERSTAND THE IMPORTANCE OF THIS CERTIFICATION TO THE LESSOR PRIOR TO PAYING THE VENDOR AND WE UNDERSTAND THAT WE WILL BE PRECLUDED FROM DENYING THE TRUTH OF THIS CERTIFICATION IN THE FUTURE.

Shuler Construction, Inc.

✓ _Cassie Shuler_   Date: 2-21-08
Cassie Shuler, President

5991